**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CHRIS JEROME DIXON,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Chief of Police TOMMIE WALKER; Judge MICHAEL RANSOM; CITY OF SPARTA, GEORGIA; and COUNTY OF HANCOCK, GEORGIA,**<br><br>***Defendants.*** | **CIVIL ACTION NO. 5:25-cv-00359-TES** |

# ORDER

Pro se Plaintiff Chris Jerome Dixon has timely moved to reopen this case which the Court administratively closed in its previous order from October 10, 2025. [Doc. 4]; [Doc. 5]. In his complaint, Plaintiff states that he "brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress the [alleged] deprivation of his constitutional rights by law enforcement and judicial officials in the State of Georgia." [Doc. 1, p. 1]. The Court discussed the details of Plaintiff's allegations in its previous order. [Doc. 4, pp. 4–7].

As noted by Plaintiff's list of named defendants, he sues the former Chief of Police for the City of Sparta, Tommie Walker[1] (hereinafter "Defendant Walker") in his individual and official capacities; a Hancock County magistrate judge, Judge Michael

[1] The Court **DIRECTS** the Clerk of Court to change the spelling of Defendant Walker's name to "Tommie," rather than "Tommy."

Ransom; the City of Sparta, Georgia; and Hancock County, Georgia. [Doc. 1, p. 1]. The Court, however, notes—with respect to its designation of Defendant Walker as the "former" police chief—a news article from July 15, 2026, that discusses Defendant Walker's resignation from that position.[2] Regarding the City of Sparta, Plaintiff says he's suing it since it's "responsible for the policies and oversight of its police department." [*Id.*]. Then, with respect to Hancock County, he says he's suing it because it "oversees the judicial functions of the Hancock County Magistrate Court." [*Id.* at p. 2]. Specifically, against each defendant, it appears that Plaintiff asserts claims based on an unlawful seizure and execution of an unlawful arrest warrant under the Fourth Amendment and claims under the Due Process Clause of the Fourteenth Amendment. [*Id.*]. Then, against Defendant Walker only, Plaintiff asserts a First Amendment retaliation claim. [*Id.*]. Lastly, Plaintiff seeks attorney's fees under 42 U.S.C. § 1988. [*Id.*].

On frivolity review pursuant to 28 U.S.C. § 1915(e) in its previous order, the Court dismissed Plaintiff's claims against Judge Ransom on judicial-immunity grounds notwithstanding Plaintiff's allegation that Judge Ransom should have never issued an arrest warrant based on the "false statements" Defendant Walker gave to procure that warrant. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435

---

[2] *See* WGXA News, Sparta police chief resigns week after announcing dual role in Wrens, https://wgxa.tv/news/local/sparta-police-chief-tommie-walker-jrs-reigns-week-after-announcing-dual-role-as-police-chief-in-wrens-local-government-hancock-jefferson-county-captain-larry-chapman (last visited Sept. 2, 2026).

U.S. 349, 356–57 (1978)); [Doc. 4, pp. 8–11]. The Court also dismissed Plaintiff's § 1988-based claim for attorney's fees because "a pro se litigant . . . is not entitled to attorney's fees" under § 1988, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), as well as his claims against Hancock County given his allegation that he was only suing the county "because it 'oversees the judicial functions of the Hancock County Magistrate Court.'" [Doc. 4, pp. 7, 10–11 (quoting [Doc. 1, p. 2])].

Lastly, in its previous order, the Court ruled that "Plaintiff's remaining claims for damages under § 1983 against [Defendant] Walker and the City of Sparta must be [stayed] pending the resolution of any state criminal charges against him concerning the events complained of in his [c]omplaint." [*Id.* at pp. 16–17]. However, in continuing with its statutory obligations under § 1915(e) based on Plaintiff's request to reopen this case, the Court notes the following.

As to Plaintiff's due process claim under the Fourteenth Amendment against Defendant Walker and the City of Sparta, "[a]n arrest under warrant is not a violation of due process; *it is* the very essence of due process." *Whitworth v. Chambers*, No. 3:25-cv-00138-TES, 2026 WL 524426, at *10 (M.D. Ga. Feb. 25, 2026) (quoting *Dobbs v. Huff*, 446 F. Supp. 35, 39 (N.D. Ga. 1977)); [Doc. 1, p. 2]. Thus, to the extent Plaintiff contends *how* he was "informed of the warrant"—through social media—gives rise to a due process claim, such a contention is frivolous. [Doc. 1, p. 2]. The Supreme Court has explained:

> Exclusive reliance on the Fourth Amendment is appropriate in the arrest context . . . because the Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the process that is due for seizures of person or property in criminal cases. Furthermore[,] the protections afforded during an arrest and initial detention are only the first stage of an elaborate system, unique in jurisprudence, designed to safeguard the rights of those accused of criminal conduct.

*Id.* (quoting *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 50–51 (1993)) (emphasis added) (internal citations omitted). Put simply, Plaintiff was not entitled to advance notice of his arrest warrant.

However, although not specifically alleged or stated, it's obvious that Plaintiff was arrested and indicted, but the Superior Court of Hancock County, Georgia, entered an order of *nolle prosequi* on August 10, 2026, as to the state criminal charges against him. [Doc. 5-1, p. 1]. That said, the Eleventh Circuit has "held that legal process is constitutionally infirm if the officer who provided the probable cause affidavit 'intentionally or recklessly made misstatements or omissions necessary to support the warrant.'" *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1329 (11th Cir. 2024) (quoting *Luke v. Gulley*, 50 F.4th 90, 96 (11th Cir. 2022)); *but see* [Doc. 5-1, p. 1 (state prosecutor's position in seeking an order of *nolle prosequi* for Plaintiff's state criminal charges that "there was probable cause for the arrest")]. That is the essence of Plaintiff's Fourth and Fourteenth Amendment-based claims—that Defendant Walker "submitted a false report" in obtaining the warrant that led to Plaintiff's arrest. [Doc. 1, p. 2].

Although Plaintiff's allegations are thin, there's enough in his complaint to

survive frivolity review with respect to his due process claim under the Fourteenth Amendment. *See Carlan v. Tegna Inc.*, No. 5:25-cv-00480-TES, 2026 WL 542347, at *2 (M.D. Ga. Feb. 26, 2026) (holding, "just because a complaint survives frivolity review does not mean it will survive a . . . motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6)). However, for the reasons explained below, Plaintiff's due process claim shall *only* proceed against Defendant Walker.

With respect to Plaintiff's effort to hold the City of Sparta liable under the relevant constitutional amendments mentioned in his complaint—the Fourth and Fourteenth—the Court notes that although "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief" for some allegedly unconstitutional action implemented or executed as a result of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," a plaintiff must point to a "governmental 'policy or custom' [that] is the 'moving force' behind the constitutional deprivation." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Farred v. Hicks,* 915 F.2d 1530, 1532–33 (11th Cir. 1990); *see generally* [Doc. 1]. As pled, Plaintiff's complaint does not assert any official policy by the City of Sparta that allowed Defendant Walker to (allegedly) make "false statements" to obtain an arrest warrant. *Cf. Downing v. Dist. Att'y*, No. 26-10076, 2026 WL 2470147, at *3 (11th Cir. Aug. 24, 2026); [Doc. 1, p. 1].

Further, "a municipality cannot be found liable under a theory of respondeat

superior." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). That is, the City of Sparta—as an entity—can't be held liable for the allegedly unconstitutional acts committed by Defendant Walker unless Plaintiff can point to a policy or custom that was the "moving force" behind the alleged constitutional violations. *Id.* (quoting *Harris*, 489 U.S. at 389); *Monell*, 436 U.S. at 694; *Graham v. Godwin*, No. 7:10–CV–56 (HL), 2012 WL 3860522, at *4 (M.D. Ga. July 30, 2012), *report and recommendation adopted*, No. 7:10–CV–56 (HL), 2012 WL 3860510, at *1 (M.D. Ga. Sept. 5, 2012). As just discussed, Plaintiff's complaint fails to assert any sort of allegation on that front. With respect to his effort to hold the City of Sparta liable, he merely alleges that it "is a municipal corporation responsible for the policies and oversight of its police department." [Doc. 1, p. 2]. Thus, Plaintiff's allegations are insufficient to keep the City of Sparta as a named defendant in this case, and his claims against it must be **DISMISSED without prejudice** for "fail[ure] to state a claim on which relief may be granted." 28 U.S.C. § 1915(1)(2)(B)(ii). Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE** the City of Sparta as a named defendant to this lawsuit.

Finally, with respect to Plaintiff's assertion that he's suing Defendant Walker in his official capacity, an official-capacity suit against a public official or public employee is treated as a suit against the local government entity they represent. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Molette v. Georgia*, 469 F. App'x 766, 768 (11th Cir.

2012) ("A suit against a public official in his official capacity is . . . treated as a suit against the local government entity he represents, assuming that the entity receives notice and an opportunity to respond."); [Doc. 1, p. 2]. Thus, Plaintiff's suit against Defendant Walker in his official capacity as police chief is the functional equivalent of suing the City of Sparta. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). Since Defendant Walker would be considered a city employee, and since Plaintiff's claims against Defendant Walker in his official capacity are treated as claims against the City of Sparta, then the analysis is the same as discussed above with respect to Plaintiff's effort to hold the City of Sparta liable. Namely, because Plaintiff fails to identify a policy or custom that caused the alleged constitutional violations, he fails to state a claim for relief against Defendant Walker in his official capacity. *Monell*, 436 U.S. at 694. Therefore, the Court **DISMISSES** Plaintiff's claims asserted against Defendant Walker in his official capacity **without prejudice**.

In line with the Court's obligation under § 1915(e) resulting in these additional determinations, the only claims that survive frivolity review are Plaintiff's (1) Fourth Amendment-based claim against Defendant Walker in his individual capacity for unlawful seizure and execution of an unlawful arrest warrant, his (2) due process claim under the Fourteenth Amendment against Defendant Walker in his individual capacity; and his (3) First Amendment retaliation claim against Defendant Walker in his individual capacity. [Doc. 1, p. 2]. Accordingly, the Court **GRANTS** Plaintiff's motion

to reopen this case, and since he's proceeding *in forma pauperis*, it **ORDERS** that "service be made by a United States marshal or deputy marshal" on Defendant Tommie Walker pursuant to Federal Rule of Civil Procedure 4(c)(3). [Doc. 4, pp. 1–2]; [Doc. 5].

**SO ORDERED**, this 3rd day of September, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**